IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARCEL SMALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-00440-CV-W-ODS |
| ) | Crim. No. 04-CR-00372-ODS-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER AND OPINION GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending is Petitioner Marcel Small's Amended Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #3. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government contends Petitioner's sentence is still proper under other provisions of the ACCA. Doc. #6. For the reasons stated below, the Court grants Petitioner's motion.

### I. BACKGROUND

On April 7, 2005, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had three convictions, two for second-degree burglary and one for second-degree robbery, qualifying him for an ACCA enhanced sentence. Because Petitioner had three qualifying ACCA predicate offenses, he was sentenced to 188 months' imprisonment on July 15, 2005. In light of *Johnson*, Petitioner asserts his prior conviction for second-degree burglary of an inhabitable structure and second-degree robbery no longer qualify as predicate offenses and he is not subject to the ACCA's enhanced sentencing provisions.[1]

## II. DISCUSSION

"A prisoner…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or that the sentence was in excess of the maximum authorized by law…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 18 U.S.C. § 2255(a). The Court first finds Petitioner's motion to vacate was timely because it was filed within one year of the Supreme Court's decision in *Johnson*. See 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

(A)

The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior crime qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2015). "That means as to burglary – the offense relevant in this case – that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into…a building or other structure, with intent to commit a crime.'" *Id.* at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA

---

[1] Petitioner concedes his second-degree burglary of a building remains a "violent felony" under ACCA's sentencing provisions. Doc. #3, at 6.

2

'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. The Court must distinguish between elements and facts. *Id.* Elements are "things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (citations and internal quotations omitted). Facts, on the other hand, are "extraneous to the crime's legal requirements" and "have[] no legal effect [or] consequence." *Id.* (citations omitted).

In *Mathis*, the Supreme Court examined Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements – to wit, the place where a burglary can occur. *Id.* at 2248, 2250. Generic offense of burglary requires unlawful entry into a "building or other structure." *Id.* Iowa's statute, however, reaches a broader range of places where a burglary can occur: "any building, structure [or] land, water, or air vehicle." *Id.* at 2250 (quoting Iowa Code § 702.12 (2013)). These listed locations are not "alternative elements," but are "alternative ways of satisfying a single locational element." *Id.* (citations omitted). The Supreme Court found the Iowa burglary statute was overbroad for the purposes of an ACCA enhancement because the elements of Iowa's burglary law were broader than those of generic burglary. *Id.* at 2251, 2257.

The Supreme Court noted the threshold inquiry – elements or means – may be resolved easily by the statute on its face or when a state court definitely answers the question. *Id.* at 2256. If state law does not provide a clear answer, a court may look to a limited number of documents, such as the indictment, jury instructions, or plea agreement and colloquy to determine what crime – and the elements of the crime – of which the defendant was convicted. *Id.* at 2249. In *Mathis*, the Court's analysis was straightforward because the Iowa Supreme Court found the listed premises in Iowa's burglary law provided alternative methods of committing the offense. *Id.* at 2256 (citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981)). Unfortunately, neither the parties nor the Court has located a Missouri case finding Missouri's burglary statute's listed

3

premises are elements or means. Thus, the Court must examine the burglary statute at issue.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2007). "Building" is not statutorily defined. "Inhabitable structure" includes a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2007). A vehicle or structure is inhabitable regardless of whether a person is present. *Id.* Missouri's burglary statute, much like Iowa's burglary statute, lists a range of locations satisfying an element of the crime. Based upon the face of the statute, these listed locations appear to be alternative ways of satisfying the location element of the crime of burglary in Missouri.

Whether the alternative locations are elements or means is further evinced by the Missouri approved charge and model jury instructions, which are approved by the Missouri Supreme Court and are mandatory. The Missouri Approved Charge for second-degree burglary directs the charging officer to choose either "building" or "inhabitable structure" and "briefly describe the location" of the building or inhabitable structure.

> **23.54 BURGLARY IN THE SECOND DEGREE**
>
> The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 569.170, RSMo, committed the class C felony of burglary in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully in (a building) (an inhabitable structure), located at [*Briefly describe location.*] and (owned) (possessed) by [*name of owner or possessor*], for the purpose of committing [*name of crime*] therein.

Mo. Approved Charge 23.54 (1998).

Similarly, the Missouri Approved Instruction for second degree burglary requires the submission of either "building" or "inhabitable structure" in the verdict director:

**323.54 BURGLARY IN THE SECOND DEGREE**
(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:
First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully (in) (a building) (an inhabitable structure) located at [*Briefly describe the location.*] and (owned) (possessed) by [*name of owner or possessor*], and
Second, that defendant did so for the purpose of committing the crime of [name of crime] therein,
then you will find the defendant guilty (under Count _____) of burglary in the second degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
[*Insert a definition of the crime that defendant intended.*]

M.A.I.-CR 323.54 (1998). The "Notes on Use" following this jury instruction states that terms, including inhabitable structure, may be defined by the Court on its own motion or if requested by a party. *Id.*, Notes on Use, 2(b). The jury instruction defining inhabitable structure tracks the statutory language. That is, an inhabitable structure includes a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night. Mo. Rev. Stat. § 569.010(2); M.A.I.-CR 333.00 (2000).

Similar to the Iowa burglary statute in *Mathis*, the Missouri burglary statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." 136 S. Ct. at 2249. Similar to the Iowa burglary statute, the Missouri burglary statute defines inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night." Mo. Rev. Stat. § 569.010(2). Similar to the Iowa burglary statute, Missouri statute provides alternative means for committing second-degree burglary that are broader than simply "a building or structure" required

5

for generic burglary. Also, as set forth above, the prosecution need not allege or prove the type of structure involved in an individual's offense. Missouri's burglary statute could be violated by entry into an airplane, vehicle, sleeping car, and other non-buildings. For these reasons, the Court finds the means included in the Missouri statute are substantially similar to the means in the Iowa statute, which the Supreme Court found to be overbroad and did not qualify as an enumerated offense under the ACCA.

Because the means of committing second-degree burglary under Missouri's statute are broader than the means establishing generic burglary, Petitioner's conviction for burglary of an inhabitable structure under the Missouri second-degree burglary statute does not qualify as generic burglary and cannot be used to enhance his sentence under the ACCA.

**(B)**

Petitioner also asserts his conviction for second-degree robbery does not qualify as an ACCA predicate offense in light of *Johnson*. In addition to the ACCA clause identifying generic burglary as a "violent felony," a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is also within the "violent felony" definition of the ACCA. 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court defines "physical force" as "violent force – that is, force capable of causing physical pain or injury to another person." *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*)).

The Court applies the categorical approach to determine whether a prior conviction qualifies as a predicate offense under the ACCA, looking "only to the fact of conviction and the statutory definition of the prior offense." *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016) (quoting *Taylor*, 495 U.S. at 602). Under Missouri law, "[a] person commits the crime of robbery in the second degree when he forcibly steals property." Mo. Rev. Stat. § 569.030(1). A person "forcibly steals" when he "[u]ses or threatens the immediate use of physical force upon another person for the purpose of (a) preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking or (b) compelling the owner of such

6

property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft." Mo. Rev. Stat. § 569.010(1). Missouri courts have held the degree of force necessary to support a conviction for second-degree robbery is less force than is necessary to qualify as "violent force" as the Supreme Court requires for an ACCA enhanced sentence. *See State v. Lewis*, 466 S.W.3d 629, 633 (Mo. Ct. App. 2015) (upholding second-degree robbery conviction when Defendant bumped the victim's shoulder during a purse-snatching incident and there was a "slight struggle and yank of the purse from [victim's] person."); *State v. Harris*, 622 S.W.2d 742, 745 (Mo. Ct. App. 1981) (upholding second-degree robbery conviction based on "seizing and trying to free up" stolen clothing and stating "it is not necessary that the person be touched."); *State v. Childs*, 257 S.W.3d 655, 660 (Mo. Ct. App. 2008) (upholding second-degree robbery conviction involving a "tussle" of the victim's car keys); *State v. Clark*, 790 S.W.2d 495, 497 (Mo. Ct. App. 1990) (holding a note stating "[t]his is a holdup. Give me all the money in the register," passed to a cashier, satisfies the "forcibly steals" requirement for Missouri second-degree burglary).

The Eighth Circuit recently examined an Arkansas robbery statute and concluded a robbery conviction under that statute could not be the basis for an ACCA enhancement. *United States v. Eason*, No. 15-1254, 2016 WL 3769477, at *6 (8th Cir. July 14, 2016). Under Arkansas law, "[a] person commits robbery, if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102. In a series of cases, the Arkansas Supreme Court "held that the degree of force used was sufficient to support a robbery conviction even when there was no threat of force and no actual injury befell the victim." *Eason*, 2016 WL 3769477, at *6 (citing *Fairchild v. State*, 600 S.W.2d 16, 17 (Ark. 1980) (holding "jerking the door from [a victim]" and "grabbing her dress" is sufficient conduct to uphold robbery conviction)). Because the degree of force required to commit robbery under Arkansas law did not rise to the level of force required for an ACCA enhanced sentence, the Eighth Circuit found Eason's robbery conviction was not a "violent felony" under the ACCA. *Id.*

7

Like the Arkansas Supreme Court's decision in *Fairchild*, Missouri courts uphold second-degree robbery convictions where the amount of force is less than what is necessary for an enhanced sentence under the ACCA's "violent felony" clause. Similar to the Eighth Circuit's conclusion in *Eason*, the Court finds a conviction under Missouri's second-degree burglary statute cannot be the basis for an ACCA enhancement. Accordingly, Petitioner's conviction for Missouri second-degree robbery cannot be used to enhance his sentence under the ACCA.

### III.  CONCLUSION

Petitioner's Motion is granted. Consistent with this Order, the Court will schedule a hearing for resentencing.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 2, 2016　　　　　　UNITED STATES DISTRICT COURT